176 So. 609

## EQUITABLE LIFE ASSUR. SOC. v. LANGFORD.

### 4 Div. 972.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

682

Mulkey & Mulkey, of Geneva, for appellant.

Carmichael & Tiller, of Geneva, for appellee.

THOMAS, Justice.

The suit was based upon a group life insurance policy.

The terms of a similar policy, with respect to total and permanent disability, were considered in Equitable Life, etc. v. Davis, 231 Ala. 261, 164 So. 86. See, also, Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818; Equitable Life Assur. Soc. v. Hill, 230 Ala. 505, 161 So. 800; Prudential Ins. Co. v. Gray, 230 Ala. 1, 159 So. 265.

The instant complaint was that on December 22, 1933, plaintiff, while insured under said policy of group insurance, became and was totally and permanently disabled by disease; that she was and will be "there-

by presumably continuously prevented for life from engaging in any occupation or performing any work for compen. ation of financial value"; that on, to wit, June 11, 1934, and/or July 24, 1934, plaintiff gave due proof to the defendant of said disability; that, although said policy provides that the first payment shall be due upon receipt of proof and shall be for the amount of monthly disability installments accrued from the beginning of said total and permanent disability, and subsequent installments shall be paid monthly during the continuance of disability until the completion of the installments, and that, although the amount of monthly disability installments had accrued from the commencement of total and permanent disability to the date defendant received said proof and subsequent installments, in the amount sued for, the defendant on August 2, 1934, refused and declined to pay the same, or any part thereof, on the alleged ground that plaintiff was not, under the terms of said policy, totally and permanently disabled.

Demurrer was filed, but the record fails to show a ruling thereon, and hence there is nothing to review as to the demurrer to the complaint.

The defendant pleaded the general issue, denied such alleged total and permanent disability, and further denied that plaintiff was permanently disabled at the time the policy was in force as to the plaintiff. The verdict and judgment was for the amount sought by the suit, with interest thereon.

There was a motion for a new trial and an order overruling the same. To this action of the court exceptions were reserved and assignments of error challenge this ruling.

Some of the contentions as to facts in the case are undisputed. The group policy of insurance was issued and with it was the plaintiff's "individual certificate." Under the terms of this policy, plaintiff must have been in the employment of the assured, Geneva Cotton Mills, at the time she became totally and permanently disabled. And as to such facts, the burden of proof was upon the plaintiff to show the coverage of the policy. It is stipulated in said insurance policy, as follows:

"6. Terminations. The insurance under this policy upon the life of any employee shall automatically cease upon his discontinuance of participation as evidenced in writing signed by him and filed with the Society, or upon termination of his employment with the Employer in the classes of employees insured hereunder without regard to the cause of such termination, except that the Employer may elect that all employees who while insured hereunder are temporarily laid off or given leave of absence or are disabled or retired on pension, shall be considered to be in the employment of the Employer during such period, subject to the conditions contained in the Total and Permanent Disability provision hereof and subject in case of Military or naval service, to the provision on the second page hereof.

"8. Total and Permanent Disability Provision. In, the event that any employee while insured under this policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the "Society will, in termination of all insurance of such employee under this policy, pay equal monthly Disability-installments, the number and amount of which shall be determined by the Table of Installments below: the number of installments being that corresponding to the nearest amount of insurance shown in the table, while the amount of each installment shall be adjusted in the proportion that the amount of insurance on such employee's life bears to the amount used in the table in fixing the number of installments. The amount of insurance herein referred to shall be that in force upon the date on which said Total and Permanent Disability commenced."

The individual certificate of the plaintiff is as follows:

"Individual Certificate

(Life)
No. 2350—118
"The Equitable Life Assurance
Society of the United States
"Hereby Certifies That the
Geneva Cotton Mills, Inc.,
"(Hereinafter called the Employer)
"Has contracted to insure:

"the life of Lula Langford (hereinafter called the Employed) for the sum of one thousand dollars with The Equitable Life Assurance Society of the United States by a policy of Group Life Insurance. Subject

to the terms and conditions of the policy the insurance is to be payable to the beneficiary upon receipt of due proof of death of the Employee occurring while insured thereunder.

"Beneficiary: Lula Langford—Mother."

Exhibit to the answer of Parsons, introduced by the plaintiff, shows that the Geneva Cotton Mills made reports to the defendant covering employees whose individual certificates were canceled and that reports were likewise made of the new employees, who participated in the benefit of said group policy by reason of their employment in the Geneva Cotton Mills; that no statements were received for November or December, 1933; and that one was received, as to Lula Langford, for January 15, 1934, which was exhibited.

The evidence of Parsons was further to the effect that this delay in sending notice was due to an error of an agent of the Geneva Cotton Mills. His statement was to the effect that the individual certificate of assured, Langford, was canceled on November 14, 1933, though no record of such cancellation was received or made until January 15, 1934. Thus an issue of fact is made of the true and effective date of such cancellation, if such there was. In this connection, it will be noted that Matthews, a witness for the plaintiff, testified that he, as clerk, looked after the insurance business of the Geneva Cotton Mills under the Superintendent Cobb; "that Miss Lula Langford quit work (I think) in November, 1933, and after she quit work, I never knew of her paying any premium to us or to the Equitable Life Assurance Society on her policy of insurance.

"On cross-examination he stated: I did not look after the collection of the insurance premiums from the employees, and it was not paid to me, and I do not know anything about this as it was handled through the up town office, but the part that was paid by the employees was deducted through the pay rolls, as the employees paid a part and the Cotton Mill paid a part, and I do not know whether the Cotton Mills kept the payment on the group policy or not.

"On re-direct examination, he stated: All I know is I did not turn over any money to the down town office for Miss Langford in November, as she was not working there.

"On re-cross examination he stated: I do not know whether the mill continues to pay on the employees, although they are not actively engaged in their employment or not, but an employee who is out a month on account of sickness, the mill pays it, but if they are out temporarily they do not continue to pay it."

The first claim filed by the plaintiff declared that she became disabled on December ——, 1933, the day of the month not being stated in her certificate bearing date of June 11, 1934, though it is fixed by the evidence as December 22, 1933, in the certificate before us which is dated July 24, 1934.

█ It is established by this court that one cannot create a primary liability and extend the coverage of a policy by waiver; but that a ground on which payment may be resisted may be waived by an officer or agent with authority to effectuate a waiver. However, to create a primary liability all the elements of a binding contract are essential. Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818. That is to say, that a waiver or an estoppel may not extend the coverage of the policy, but may only affect rights reserved therein. Such contracts for insurance are not to be so created under our statutes and rules of construction thereof. Pertinent cases on waiver and estoppel are: Continental Ins. Co. v. Parkes, 142 Ala. 650, 39 So. 204; Yorkshire Ins. Co. v. Bunch-Morrow Motor Co., 212 Ala. 588, 103 So. 670; Liverpool & London & Globe Ins. Co., Limited, of England, v. McCree, 213 Ala. 534, 105 So. 901; State Life Ins. Co. v. Finney, 216 Ala. 562, 114 So. 132. See, also, Tayloe v. Merchants' Fire Ins. Co., 9 How. 390, 13 L.Ed. 187.

██ As to whether the assured ceased to be an employee of the company, or whether she was temporarily absent from that employment and service, were material questions of fact for the decision of the jury. It was not error to refuse charge No. 2 which exacts too high a degree of proof, under the repeated decisions of this court. Pruitt v. State, 232 Ala. 421, 431, 168 So. 149; Cain et al. v. Skillin, 219 Ala. 228, 232, 121 So. 521, 64 A.L.R. 1022; and Ex parte State ex rel. Attorney General Bush v. State, 211 Ala. 2, 100 So. 314.

It results that the action of the circuit court was without error.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

THOMAS, Justice.

The appellant concedes that the evidence was sufficient to warrant the refusal of the general affirmative instruction for the defendant. McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135. It now insists that the motion for a new trial should be granted on the weight of the testimony.

We have carefully re-examined the evidence, and are of the opinion that no error was committed by the trial court in overruling the motion for a new trial, under the rule of our decisions. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Nashville, Chattanooga & St. Louis Ry. Co. v. Crosby, 194 Ala. 338, 349–352, 70 So. 7; Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312; United Ben. Life Ins. Co. v. Dopson, 232 Ala. 625, 169 So. 287; and Hopkins v. Harrison, 228 Ala. 180, 153 So. 255.

The application for rehearing is overruled.