253 So.2d 525

**ST. PAUL FIRE & MARINE INSUR-ANCE COMPANY**

v.

**AIR COMFORT ENGINEERS, INCORPORATED.**

**3 Div. 42, 42–A.**

Court of Civil Appeals of Alabama.

Sept. 29, 1971.

Rehearing Denied Oct. 20, 1971.

Jones, Murray, Stewart & Yarbrough, Montgomery, for appellee.

———◆———

Hill, Hill, Stovall, Carter & Franco, and John M. Milling, Jr., and William Oldacre, Montgomery, for appellant.

WRIGHT, Judge.

Two suits were filed by Air Comfort Engineers, Incorporated, against St. Paul Fire & Marine Insurance Company on policies of insurance. Each suit contained two counts claiming damages for losses to air conditioning systems insured under the pol-

icies against loss or damage from accident. One policy covered a system installed in a store in Columbus, Georgia, owned by Columbus Discount City, Incorporated. The other policy covered a system installed in the Gaylord's store in Montgomery, Alabama, owned by Montgomery Gay Properties, Incorporated. The suits were consolidated for trial.

Upon trial by the court without a jury, judgment was entered in favor of plaintiff for the amount sued for, together with interest and costs in each case. Defendant, St. Paul Fire & Marine Insurance Company appeals.

The first assignment of error is the ruling of the trial court overruling demurrer to the complaint.

Each count of each complaint was stated substantially in the language of Forms 13 and 14 of Section 223 of Title 7, Alabama Code of 1940. There was attached to each complaint and incorporated into each count thereof by reference, a copy of the insurance policy being sued upon.

Since the enactment of code forms for suit upon certain insurance policies it has been held that a complaint substantially worded in accordance with the form was sufficient as against demurrer, even though there was no averment that plaintiff owned the policy or had an insurable interest in the property insured. Motors Ins. Corp. v. Stewart, 262 Ala. 15, 76 So.2d 171. There was no averment in the complaints in the instant cases that indicated plaintiff's interest in the policies or the property alleged to be insured thereunder. Several grounds of appellant's demurrer specifically attacked the complaints on the basis of this omission. In view of the case above cited and others, demurrer on such grounds would be of no avail. Clearly a complaint in code form would not be subject to attack because it failed to state therein the interest or authority of plaintiff to bring suit on the policy. However, though plaintiff began the complaint with the code form, it incorporated therein the insurance policy. The policy showed on its face in the declaration that plaintiff was not the insured, but rather the declared insured was one other than plaintiff. There was no endorsement, assignment or loss payable clause exhibited in or attached to the policy indicating that plaintiff had any interest in or right to the policy or to the property insured therein.

An exhibit attached to a complaint and made a part thereof either aids, supplements or detracts therefrom. The pleading and the attached exhibit are considered together on demurrer. Grimsley v. First Ave. Coal & Lmb. Co., 217 Ala. 159, 115 So. 90; Houston County v. Covington, 233 Ala. 606, 172 So. 882. An exhibit, made the basis of a cause of action, contradicting the averments of pleading to which it is made a part will control such pleading. Waugaman v. Skyline Country Club, 277 Ala. 495, 172 So.2d 381; Ivey v. Wiggins, 271 Ala. 610, 126 So.2d 469. Grounds 15 and 19 of appellant's demurrer point out that the exhibit made a part of the complaint affirmatively shows that plaintiff has no interest in the contract of insurance which will support a cause of action thereon. Thus, the exhibit expressly contradicts the complaint.

Though the legislature by adopting a form for stating a cause of action on a contract of insurance removed the necessity of alleging certain elements thereof in the complaint, it did not change the foundations of such cause of action. In order for one to have such a cause of action there must exist a contractual relation with the party charged, either directly or by succession.

The legislature removed the necessity of alleging the existence of such a relationship but not the necessity of proof. Though not required to be stated, the right of plaintiff to bring the suit is presumed. An attached exhibit to the complaint affirmatively showing the absence of any right in the plaintiff to bring the action

contradicts the presumption allowed by the use of the code form. Plaintiff's complaint including the exhibit thus became demurrable and appellant's demurrer should have been sustained on grounds 15 and 19.

There appears in the policy made a part of the plaintiff's complaint and each count thereof the following:

"CONDITIONS

" *   *   *  4(b) *Repair or Replacement* —Coverage A The Company agrees that loss on property of the insured as specified in Coverage A shall mean the amount actually expended by the insured to repair or replace such property of the insured all subject to the following provisions:

"(1)  *   *   *

"(2)  *   *   *

"(3) The Company's liability for any repair or replacement shall be limited to the smaller of the following:

"(a) The cost at the time of the accident to repair the said property, or

"(b) The cost at the time of the accident to replace the said property on the same site with property of like kind, capacity, size and quality; *   *   * "

■ Assignments of error 2 and 3 contend the court erred in not sustaining appellant's demurrer to the complaint on ground 20. Ground 20 presents the provisions of the policy quoted above and points out that no liability arises under the policy for damage to the property insured unless the insured has incurred cost for repair or replacement, and that the extent of appellant's liability is the cost to the insured of repair or replacement of the damaged property.

Count A of the amended complaint seeks recovery for the "value of labor and materials necessary to repair the air conditioning system." Count B seeks recovery for

"the reasonable amount of damage to the air conditioning system." Under the clear provisions of the policy as quoted, neither count seeks damages properly recoverable thereunder. Ground 20 of the demurrer was improperly overruled.

To the complaint in each case, appellant filed various pleas. In addition to a plea of general issue, pleas 2 and 7 were that plaintiff was not insured by the policy sued upon. Pleas 3, 6, 8 and 9 in effect were that the insured had suffered no loss under the provisions of the policy which we have set out herein previously, because it had incurred no cost of repair or replacement for damage to the insured equipment. Insured had incurred no such cost because it had a contract with plaintiff by which plaintiff provided full service for maintenance and repair of the insured air conditioning systems for an annual fee without other costs to the insured.

Appellee filed no demurrer to appellant's pleas but joined issue on each of them and filed two special replications to pleas 2 through 9. Those special replications appear as follows:

"REPLICATION

"1. Comes the Plaintiff and joins issue on each plea of the Defendant and denies each and every allegation of said pleas.

"2. For special replication to pleas 2 through 9, separately and severally, Plaintiff says that Defendant, with full knowledge of the facts, issued the policy sued upon, accepted premiums from the Plaintiff and has therefore waived or is estopped from asserting any defense set out in pleas 2 through 9.

"3. For special replication to pleas 2 through 9, separately and severally, Plaintiff says that Defendant, with full knowledge of the facts, paid a claim to Plaintiff under this policy, arising from facts similar to those upon which this suit is based, and has therefore waived or is estopped from

asserting any defense set out in pleas 2 through 9.

"WHEREFORE, Plaintiff says that the matters and things set forth in pleas 2 through 9 are no defenses to this action."

To these replications appellant filed a demurrer. The demurrer was overruled. Assignment of error 9 charges error in this ruling of the court.

The grounds of the demurrer argued by appellant in brief may be consolidated into two. First, that waiver and estoppel are insufficiently pleaded in that they are each alleged merely as conclusions and no facts are set out which could give rise to either. Second, a contract of insurance may not be formed nor coverage extended or enlarged by waiver or estoppel.

■■■ It is our opinion that both of the above grounds of demurrer are well taken and the court erroneously overruled appellant's demurrer to the replication. The averments of replication 2 and 3 are plainly only conclusions and present nothing of fact which could constitute waiver or estoppel. A replication to a plea must either traverse or confess and avoid the matter pleaded or present matters of estoppel. Sovereign Camp W.O.W. v. Moore, 235 Ala. 117, 177 So. 642. A plea in estoppel must be certain in every particular and must allege facts upon which the plea is predicated and every material fact which pleader expects to prove in support of the plea. Industrial Savings Bank v. Greenwald, 229 Ala. 529, 158 So. 734.

Before a discussion of the second ground of demurrer we will briefly set out the material facts as disclosed by the testimony on trial, but which should have been substantially stated in the special replications.

Plaintiff was an air conditioning contractor and had installed the air conditioning systems in the Gaylord's store in Montgomery and in Columbus, Georgia. The Montgomery store was owned by Montgomery Gay Properties, Incorporated. The Columbus store by Columbus Discount City, Incorporated. After installation of the equipment plaintiff entered into a contract with each store to service and maintain the system for an annual set charge. After first entering into such contract plaintiff secured from Hartford Insurance Company a so-called boiler protection policy whereby if certain parts of the system which plaintiff was obligated to maintain were accidentally damaged, or broke down, the loss thereof would be insured. The insured on the policies with Hartford was the owner of the stores, but plaintiff, Air Comfort Engineers, Incorporated, was a loss payee under an attached loss payable clause. After a time the Hartford Insurance Company policy was cancelled by either plaintiff or Hartford because there was disagreement between plaintiff and Hartford as to whether any payment to plaintiff under loss payable clause should include only costs of labor and materials or profit in addition thereto. Hartford had refused to pay plaintiff any amount for profit above actual cost of labor and material for repairs of equipment insured under its policy. This refusal was because plaintiff was already being paid to maintain and repair the equipment under the contract with the owners.

After cancellation of the Hartford policy plaintiff contacted an independent general agent for appellant, St. Paul Fire & Marine Insurance Company, concerning securing another policy or policies. The policies sued upon here were written by appellant and delivered into the possession of plaintiff through a Mr. Duke of the general agency, Terry Mastin Company of Montgomery, Alabama. Plaintiff paid the premium to the agency. The policies as issued on December 12, 1967, listed the insured as the aforementioned owners of the two stores. Plaintiff was not shown as payee under any loss payable clause. There was no loss payable clause in the policies. The policies in no way indicated any interest of or connection with plaintiff. There was no evidence that appellee or its general agent was in any manner informed or made aware of plaintiff's contract with the own-

ers to service and maintain the insured equipment.

In May of 1968, certain repairs to the equipment at the store in Columbus were performed by plaintiff. An invoice for such repairs was submitted to appellee through the general agent on June 11, 1968. There were repairs at the Montgomery store in July 1968. Invoice by plaintiff was submitted to appellee in August 1968. Both of these invoices were paid by appellee with drafts payable to the respective owners and insureds as shown on the policies. One draft was returned by plaintiff to the general agent who requested of appellee's adjuster that another draft be issued payable to the named insured and plaintiff jointly. This was done by the adjuster.

In May of 1969 additional losses to the insured equipment occurred. Repairs were made by plaintiff. Invoices were submitted. Appellant then learned, apparently for the first time, that the insured had a contract with plaintiff to maintain the equipment without cost to the insured. Upon learning of this, the insureds were advised by appellant that since they had the maintenance contract with plaintiff they had incurred no cost due to the damage and thus had suffered no loss under the terms of the policy.

Plaintiff, though not an insured and showing no right to sue according to the policy made a part of the complaint, replies to a plea of that fact, that appellant by paying a loss under the policies to its insured in 1968, which payment went to plaintiff for repairing the loss has waived any right to deny that it had a contract of insurance with plaintiff, or is estopped from pleading that it never had any contract of insurance with plaintiff in an action against it on the policy for a loss in 1969.

In support of its contention of the application of the doctrine of waiver and estoppel appellee cites several cases such as Home Ins. Co. of N. Y. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486; Inland Mut.

Ins. Co. v. Hightower, 274 Ala. 52, 145 So.2d 422; American Ins. Co. v. Newberry, et al., 215 Ala. 587, 112 So. 195. We have carefully studied these cases and many other authorities on waiver and estoppel. We can find no authority which provides that a primary contractual liability may be established by waiver or estoppel where none would otherwise exist. In fact, all authority is to the contrary, including Home Ins. Co. v. of N. Y. v. Campbell Motor Co., supra, cited in brief by appellee. Other authority to the same effect are the following cases—Equitable Life Assur. Soc. v. Langford, 234 Ala. 681, 176 So. 609; Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818; Jones v. Liberty Nat. Life Ins. Co., 35 Ala.App. 52, 47 So.2d 222.

■ It is nowhere shown by plaintiff below, appellee here, that there was any contractual obligation arising out of the policy sued upon extending to it from appellant. It is clear that appellee had no primary right or cause of action under the policy as written by appellant. The fact, if it be a fact, that appellant may have paid a loss to appellee claimed under the policy previously did not create a contract which did not then exist. One may waive an exclusion, right of forfeiture or other defense afforded by the terms of a contract or policy of insurance, or by conduct opposed to the exercise of such rights be prevented by the doctrine of estoppel from raising them in defense of a suit by another contracting party, but if there was no contract out of which a cause of action could arise, one may not by the theory of waiver or estoppel be prevented from so pleading. Waiver or estoppel may not extend the coverage of a policy nor create a contract of insurance where none existed at the time the matters occurred out of which waiver or estoppel is claimed to have arisen. Protective Life Ins. Co. v. Cole, *supra*.

■ The complaint below affirmatively showed that no contract of insurance existed between plaintiff and defendant. This was evident from the policy exhibited. The

special replications confessed appellant's pleas and sought to avoid them by the answer of waiver and estoppel. Even if the replications had contained a sufficient recital of the facts from which waiver or estoppel was contended to have arisen, such facts would not have supported a cause of action. A cause of action cannot be created by waiver or estoppel. Equitable Life Assur. Soc. v. Langford, supra; Penn Mutual Life Ins. Co. of Philadelphia v. Mallory, 255 Ala. 256, 50 So.2d 740.

For the errors herein indicated this cause must be reversed. We consider this decision to have sufficiently answered all errors assigned, though not specifically directed thereto.

Reversed and rendered.