This is an insurance case.
The appellant-plaintiff, C.W. Gordon, filed suit in the circuit court against appellee-defendant, Old Republic Life Insurance Company, for proceeds claimed to be due under a credit disability insurance policy issued by appellee. The jury returned the verdict for the plaintiff. Upon motion by defendant-appellee, the trial court entered an order setting aside the verdict for the plaintiff and entering judgment for the defendant. That judgment and order is made the basis of this appeal.
The pertinent facts are not in dispute. The record reveals that appellant borrowed money from Avco Financial Services. A premium of approximately $400 was charged out of the proceeds of the loan and a certificate of credit disability insurance was issued by Old Republic Life Insurance Company.
Generally, the certificate of insurance provided that if the insured-appellant became totally and permanently disabled during the term of insurance under the certificate, *Page 14 
the insurer-appellee would pay for appellant's payments on the note payable to Avco coming due after commencement of the disability.
The certificate of insurance also contained provisions which read, in pertinent part, as follows:
 "EXCEPTIONS: The insurance afforded by this certificate does not cover any disability:
. . . . .
 "(3) Resulting from . . . sickness contracted and commencing prior to the effective date of this certificate."
The appellant defaulted in making his payments to Avco and filed a claim on the certificate of insurance, claiming that he was disabled due to sickness, i.e., heart disease. It was not disputed that the heart disease from which appellant suffered commenced prior to the effective date of the insurance.
It is also undisputed that no inquiry was made of the appellant as to the condition of his health either prior to or at the time of issuance of the insurance certificate sued on. Likewise, the appellant volunteered no information concerning the condition of his health. There was total silence on the matter of appellant's health.
Appellant, through able counsel, contends that appellee waived or is estopped from asserting, as a defense, the exclusion of pre-existing conditions due to its failure to make any inquiry as to appellant's health.
The law in Alabama is settled concerning waiver and estoppel in that a loss, not within the coverage of the policy contract, cannot generally be brought within that coverage by invoking the principle of waiver or estoppel. See Home Insurance Co. ofNew York v. Campbell Motor Co., 227 Ala. 499, 150 So. 486
(1933); 12 Ala.Dig. Insurance 372 (2).
The Supreme Court of Alabama in Equitable Life AssuranceSociety v. Langford, 234 Ala. 681, 684, 176 So. 609, 611
(1939), aptly stated:
 "That is to say, that a waiver or an estoppel may not extend the coverage of the policy, but may only affect rights reserved therein. . . ."
As noted above, the insurance under which appellant was protected did not cover any disability resulting from an existing sickness. Since appellant's heart disease was an existing sickness, it was not within the coverage of the policy. It is clear, therefore, in this instance, that a waiver or estoppel cannot extend the coverage of the policy so as to include such a pre-existing sickness.
The appellant further contends that appellee-insurance company had a duty to inquire as to the health of appellant prior to issuing the certificate of insurance and that the failure to inquire constitutes waiver. Such is not the case.
The Supreme Court of Arkansas in National Life Insurance Co.of the United States of America v. Jackson, 161 Ark. 597,256 S.W. 378 (1923), when faced with a similar problem, held that knowledge by an agent of an insured's pre-existing disease is immaterial when the policy provided that existing diseases would not be covered by the policy. In that case, the policy excluded coverage for any accident, illness, or disease occurring or contracted prior to the policy being issued. The court stated that insurer's agent having knowledge that insured had tuberculosis at the time the policy went into effect would not enable the insured to avoid the effect of the exclusion.
Put another way, there is no duty to inquire as to the health of the applicant when a condition in the policy, as in the present case, expressly excludes existing sickness. SeeNational Life Insurance Co. of the United States of America v.Jackson, supra.
To summarize, the policy in this case excluded existing sickness; the appellant had an existing heart disease; therefore, the absence of inquiry by appellee is immaterial since under the express terms of the policy, the insurance co company was not liable for such existing sickness. *Page 15 
Appellant also contends that the trial judge erred in granting appellee's motion for a judgment n.o.v.
The rule in Alabama is that neither a motion for directed verdict nor a motion for judgment n.o.v. should be granted if there is any conflict in the evidence for the jury to resolve, and the existence of such conflict is to be determined by the scintilla rule. See McLarty v. Wright, 56 Ala. App. 346,321 So.2d 687 (1975).
As is evident from the record and briefs filed with this court and as indicated above, there were no pertinent facts in dispute. Thus, the question before the trial court was one of law. There were no conflicts in the evidence for the jury to resolve and, therefore, the trial court did not err in granting appellee's motion for judgment n.o.v.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.