Plaintiff, Joann Bates, appeals from a summary judgment granted in favor of defendant, Jim Walter Resources, Inc. (JWR), for breach of an oral employment contract. As found by the trial court, the substantive and material facts in the present case are entirely undisputed. Bates was offered and accepted a job with JWR in January, 1981. The alleged employment contract between Bates and JWR was oral and specified no particular term, period, or duration of employment. Bates quit her job as a dental hygienist following her acceptance of the job with JWR, but before February 2, 1981, her scheduled employment date with JWR. Prior to February 2, 1981, Bates, along with other new hirees, was informed that her scheduled employment date with JWR would be delayed until February 9, 1981, due to the fact that the required mine training class had not been filled.
On February 4, 1981, between the time that Bates quit her job as a dental hygienist and her newly scheduled date of employment with JWR, economic conditions caused JWR to institute an austerity program, which included a hiring freeze. Prior to her scheduled date of employment with JWR, Bates, along with other new hirees, was notified of the hiring freeze and of the fact that her scheduled employment with JWR was being terminated as a result thereof. *Page 905 
On September 23, 1981, in the Circuit Court of Tuscaloosa County, Bates filed her complaint against JWR, seeking monetary damages for breach of contract. In its answer, JWR, among other defenses, denied that any binding contract existed between Bates and JWR, and in the alternative, affirmatively stated that to the extent any employment contract existed between Bates and JWR, that contract was terminable at the will of either party.
Following the taking of depositions, both parties moved for summary judgment, alleging that no dispute existed as to the material facts in this cause and that a judgment was appropriate as a matter of law. The Circuit Court of Tuscaloosa County granted JWR's motion for summary judgment. We affirm.
Two issues are raised on appeal:
 (1) Whether the principle of promissory or equitable estoppel creates a contract between Bates and JWR, which JWR breached by terminating or delaying Bates's employment prior to her scheduled employment date;
 (2) Whether the employment at will doctrine applies to the present cause.
We will address the issue of promissory estoppel first. Bates contends that the principle of promissory or equitable estoppel creates a binding contract between Bates and JWR which JWR breached by terminating Bates's employment. In this cause, it is undisputed that no representations and/or promises whatsoever were made to Bates regarding the term, duration or length of employment. Thus, although equitable estoppel might transform an otherwise non-binding agreement into a legally binding contract, this Court has held that the principle of promissory or equitable estoppel cannot be utilized to create primary contractual liability where none would otherwise exist.Equitable Life Assur. Soc. v. Langford, 234 Ala. 681,176 So. 609 (1937); Home Ins. Co. of N.Y. v. Campbell Motor Co.,227 Ala. 499, 150 So. 486 (1933); Gordon v. Old Republic Life Ins.Co., 354 So.2d 13 (Ala.Civ.App. 1977). Likewise, in Ivey v.Dixon Investment Co., 283 Ala. 590, 219 So.2d 639 (1969), this Court stated, "[A]n estoppel cannot operate to create binding effect against a party under circumstances which would not sustain a contract if one had been made" (283 Ala. at 594,219 So.2d 639). If there was no contract out of which a cause of action could arise, one may not by the theory of waiver or estoppel be prevented from so pleading. St. Paul Fire andMarine Ins. Co. v. Air Comfort Engineers, Inc., 47 Ala. App. 301, 253 So.2d 525 (1971). Therefore, the trial court was clearly correct in holding that the principle of equitable estoppel could not be utilized in the present case to create a term, period, or duration in the alleged employment contract between Bates and JWR where it was undisputed that the alleged agreement between the parties contained no such term, period, or duration.
The second issue on appeal concerns whether the employment at will doctrine is applicable to this case. An oral employment contract that neither includes, nor specifies, any particular term, length, or duration of employment is considered an employment at will contract. Scott v. Lane, 409 So.2d 791 (Ala. 1982). This Court has consistently held that employment contracts without a fixed term of employment are terminable at the will of either party and may be terminated for good cause, bad cause, or no cause at all. See, e.g., Hinrichs v.Tranquilaire Hospital, 352 So.2d 1130 (Ala. 1977); Martin v.Tapley, 360 So.2d 708 (Ala. 1978); Bender Ship Repair, Inc. v.Stevens, 379 So.2d 594 (Ala. 1980).
The trial court stated, "To the extent that any legally sufficient employment contract existed between plaintiff and defendant, . . . the employment contract contained no specified term, period or duration and was terminable at the will of either party." Bates argues, however, that the employment at will doctrine does not apply to this cause for the following reasons: (1) the doctrine does not apply where the employee gives up a thing of value to accept employment; (2) the doctrine does not apply where an employee has accepted an offer to work in a union job covered by a collective bargaining agreement. *Page 906 
Relying on Alabama Mills, Inc. v. Smith, 237 Ala. 296,186 So. 699 (1939), and Scott v. Lane, 409 So.2d 791 (Ala. 1982), Bates argues that the employment at will doctrine should not apply where an employee gives up a thing of value (e.g., a prior job) to accept employment. These cases are clearly distinguishable from the present cause. In both Alabama Mills
and Scott, this Court held that if there is a promise ofpermanent employment or employment for so long as the employee wishes, the relinquishment of prior employment may constitute sufficient consideration to bind the promisor.
This, however, is not a case of permanent employment or employment of a definite duration or employment for so long as Bates desired. It is undisputed that there was no understanding, agreement or promise whatsoever between Bates and JWR regarding the term, length, or duration of her employment. As found by the trial court, "In the present cause, there is not a scintilla of evidence that permanent employment was promised, offered or suggested. Rather, the undisputed evidence is entirely to the contrary."
Bates states that her employment meets the definition of permanent employment set forth in Alabama Mills or that if it does not then this Court should expand Alabama Mills to hold that the employment at will doctrine does not apply to employment contracts where the employee gives up an existing job to accept the employment in question.
In Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699
(1939), this Court defined "permanent employment" as follows:
 "It was said that what they meant by a permanent employment was so long as defendant was engaged in the same nature of business and needed the service of such an employee, and plaintiff was able and willing to do it satisfactorily and gave no cause for his discharge.
". . . .
 "`. . . "[P]ermanent" employment will be held to contemplate a continuous engagement to endure as long as the employer shall be engaged in business and have work for the employee to do and the latter shall perform the service satisfactorily. . . .'" (237 Ala. at 299, 186 So. 699.)
Thus, according to the above definition, an implicit term of the employment contract was that the employee would remain employed only if the employer had need of the employee's services. In this case, the trial court correctly found that Bates was terminated because JWR did not need Bates's services or the services of other new employees at that time.
Bates also contends that the employment at will doctrine should not be applied where, at some future date, the employment would be covered by a written collective bargaining agreement. As found by the trial court, however, it is undisputed that Bates's potential employment was not covered by any collective bargaining agreement at the time of her termination. Even if a collective bargaining agreement was applicable to Bates, the present cause would be legally barred as the result of Bates's failure to utilize and exhaust the grievance and arbitration procedure contained therein. RepublicSteel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614,13 L.Ed.2d 580 (1965); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903,17 L.Ed.2d 842 (1967).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 907