BRADLEY, Presiding Judge.
This is an employment contract case. Scarlett Guyse (employee), a “nonprofessional” employee of the Morgan County *693 Board of Education (Board), was notified on May 25, 1983 by the superintendent that the Board had not reemployed her for the 1983-84 school year. Employee brought suit in the Circuit Court of Morgan County, Alabama. That case was submitted for judgment upon an agreed stipulation of facts. Upon a finding in favor of the Board, employee appeals.
Employee contends that an action to non-renew the employment of a nonprofessional public employee requires both a recommendation from the superintendent and approval by a majority of the Board. She further contends that the policy of the Board which addresses reemployment of nonprofessional personnel is contra to State law and is invalid and illegal. We disagree with both contentions.
The stipulation of facts reveals that the employee, a secretary at Flint Elementary School, was employed in January 1980 upon the written recommendation of the superintendent and approval by the Board pursuant to sections 16-8-23 and 16-9-23, Code 1975. All of the relevant events transpired prior to the enactment of sections 36-26-100 through -108, Code 1975. In May of 1980, 1981, and 1982 employee was reemployed upon the written recommendation of the superintendent and approval by the Board for the school year. On May 17, 1983 the principal of Flint Elementary School, employee’s immediate supervisor, pursuant to Board policy, recommended that the employee not be reemployed for the 1983-84 school year. On May 24, 1983 the superintendent recommended the termination of the employee effective May 26, 1983. This motion failed to pass, having not received a majority vote of the Board. The vote on the motion was three members favoring termination, two disfavoring, one abstaining, and one absentee. On May 25, 1988 employee was notified by the superintendent that the Board had not reemployed her for the 1983-84 school year. This notification was made prior to the end of the 1982-83 school year.
Employee contends that nonreem-ployment of a public employee requires a recommendation of the superintendent and approval by the Board. She claims that was not done in this case, necessitating a reversal of the circuit court’s ruling in favor of the Board. We disagree. The employee was employed for a fixed term, i.e. the school year as noted in the stipulations. Further evidence of this fixed term is the reemployment action of the Board in 1980, 1981, and 1982. Employee is correct in her contention that reemployment requires a two-step process of a recommendation by the superintendent and approval by the Board. Marsh v. Birmingham Board of Education, 349 So.2d 34 (Ala.1977); §§ 16-8-23 and 16-9-23, Code 1975. However, no such statutory requirement exists for non-renewal of an employment contract for a fixed term.
The Board’s policy regarding reemployment of nonprofessional personnel requires a recommendation by the superintendent and Board approval but also provides that employees “will be reemployed unless notified in writing of cancellation or non-renewal on or before the last day of school.” Employee was notified under this- policy that she was not being reemployed. This was not a dismissal notification and thus the cases cited by the employee are not applicable. The employee’s contract simply expired.
Employee further contends that the Board policy regarding nonprofessional personnel reemployment is contrary to State law, specifically sections 16 — 8—23 and 16-9-23, Code 1975. She contends the effect of these two statutes requires an affirmative action by the Board to deny reemployment for both teachers and nonprofessionals. We find no merit in this argument since reemployment protection for teachers is covered in section 16-24-12, Code 1975, and we are unable to find comparable statutory protection which would have been applicable to nonprofessional employees. Hence, we find no statutory support for employee’s contentions.
After careful review of the applicable statutes and the stipulated facts, we conclude that the employee was not dismissed; she was just not reemployed. An employment contract for a fixed period of *694 time terminates by its own terms. Northrop v. Kirby, 454 F.Supp. 698 (N.D.Ala.1978). Employee’s employment contract expired by its terms, and she was informed in writing that her contract was not going to be renewed for the new school year. Consequently, we affirm the trial court’s judgment.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.