Vicki Kidder sued AmSouth Bank, N.A. ("AmSouth"), alleging fraudulent inducement and breach of contract arising from her former employment as a vice-president in AmSouth's investment services department.
AmSouth removed the case to a federal district court on the grounds that Kidder's complaint was based on a claim arising under a federal question pursuant to 28 U.S.C. § 1441(b).
The United States District Court for the Northern District of Alabama found that the National Bank Act barred any fraud or breach of contract action by Kidder based on her allegedly premature termination by AmSouth. The court stated that "under § 24 of the Act, the Board of Directors of a national bank can discharge an officer of the bank regardless of contractual provisions and/or misrepresentations." The court certified the following questions of law concerning fraud in the inducement:
 "1) Can Ms. Kidder, who was employed as an at-will employee subject to discharge by *Page 1362 
AmSouth at any time, maintain a cause of action based on fraud in the inducement of her employment based upon alleged misrepresentations as to her working conditions?
 "2) If a cause of action for fraud in the inducement is available to an at-will employee, what types of damages could be awarded? Plaintiff has acknowledged that she seeks damages only with respect to what she gave up in taking the job, not for damages resulting from the job being terminated."
It is undisputed that Kidder had an employment contract with AmSouth that was terminable at the will of either party. Because she was an employee at will, AmSouth could terminate Kidder's employment at any time, even if it did so maliciously or for some other improper reason. Salter v. Alfa Ins. Co.,561 So.2d 1050 (Ala. 1990). Kidder contends that she is entitled to maintain a fraud action based upon misrepresentations she says AmSouth made to her to induce her to leave her former job and to accept employment with AmSouth.
The elements of actionable fraud based upon a misrepresentation are: 1) a duty to speak the truth; 2) a false representation of a material existing fact made intentionally, recklessly, or innocently; 3) action upon the false representation by the plaintiff; and 4) loss, harm, or damage proximately resulting from the false representation.
It is well settled by our case law that "the showing of a loss of employment is legally inadequate to show the element of damage in a fraud claim by an at-will employee against his or her employer." See, Burrell v. Carraway Methodist Hospitals ofAlabama, Inc., 607 So.2d 193, 196 (Ala. 1992); Salter, supra. For example, in Salter, the plaintiff alleged that her employer represented that she did not have to be involved in investigating a particular insurance claim. The plaintiff alleged that she was then fired for failing to investigate the claim and that her termination caused her financial damage. The Court held that she suffered no legally recognized loss or damage as the result of any representation made by her employer because her contract was terminable by her employer at any time and for any, or for no reason.
In Burrell the plaintiff alleged that his employer fraudulently misrepresented to him that certain conduct was permissible and that he was nevertheless discharged for participating in that conduct. This Court held that, even if the plaintiff proved those allegations, he had suffered no legally recognized damage because he was subject to termination at any time. 607 So.2d at 196.
Kidder contends that the allegedly fraudulent misrepresentations were made prior to her employment and that those misrepresentations induced her to leave her former job to work for AmSouth. Therefore, she argues that the rationale ofSalter and Burrell — that an at will employee suffers no legally recognized loss or damage upon termination, because such an employee is subject to termination at any time at the employer's pleasure — is not applicable in her case because she was not subject to termination when the misrepresentations occurred.
In a similar case, this Court held that an employee could sue for a fraudulent misrepresentation that occurred before her employment. Smith v. Reynolds Metals Co., 497 So.2d 93
(Ala. 1986), the plaintiff contended that the employer misrepresented to her that she was qualified for summer employment. The Court allowed the plaintiff to proceed on her claim that she had relied upon this misrepresentation and that, in her reliance, she had turned down other employment and educational opportunities.
AmSouth argues that Bates v. Jim Walter Resources, Inc.,418 So.2d 903 (Ala. 1982), applies to this case and bars Kidder's fraud claim. The plaintiff in Bates accepted a job offer by the defendant and quit her former job as a dental hygienist. Before she began her new job, the defendant had a hiring freeze and terminated the plaintiff's employment. The plaintiff sued, alleging breach of contract and claiming damages for the loss incurred by giving up her former job. The termination of theBates plaintiff, an at will employee, occurred before her actual employment had begun; this Court held that *Page 1363 
the doctrine of at will employment barred her claim.
However, there is a difference between Bates and this case. The Bates plaintiff alleged a breach of contract claim against the employer. Kidder claims that she was fraudulently induced to accept AmSouth's job offer. The breach of contract alleged in Bates did not arise until some time after the plaintiff had accepted the defendant employer's offer. In this present case, however, the elements of fraud were met when Kidder gave up her former employment, having agreed to work for AmSouth based on its alleged misrepresentations. Notably, in Smith v. ReynoldsMetals Co., this Court held that the plaintiff, as an employee at will, had no breach of contract claim even though she was allowed to pursue a fraud claim.
We hold that Kidder may maintain an action alleging fraud in the inducement of her employment based upon alleged misrepresentations as to her working conditions. We will not address the merits of the alleged misrepresentations.
We must now turn to the question of what kind of damages can be awarded if a jury determines that AmSouth did, in fact, commit fraud in the inducement.
Kidder contends that she should be allowed to recover damages for those losses she claims resulted from her giving up the job she had in order to take the job with AmSouth. Kidder concedes that she would not be entitled to damages based on a loss of the income she would have received had she remained employed by AmSouth.
We agree that Kidder would be entitled to damages for all injuries proximately caused by misrepresentation. However, without an evidentiary record, it would be speculative to describe what those losses would be, and we decline to do so.
Although the federal court, exercising diversity jurisdiction and applying Alabama law, determined that Kidder could maintain a breach of contract action based on "agreements related to her hire and associated moving expenses, costs of having two house payments, etc.," Kidder of course, is not entitled to a double recovery of those same damages if she succeeds in her fraud claim.
QUESTIONS ANSWERED.
HORNSBY, C.J., and ALMON, STEAGALL, INGRAM and COOK, JJ., concur.
HOUSTON, J., dissents.