Leigh Hand appeals from a summary judgment entered in favor of Greensprings Storage. This case is before us pursuant to § 12-2-7(6), Code 1975.
This case involves an automobile accident which occurred on August 24, 1993. A vehicle driven by John Kelly allegedly struck the vehicle operated by Hand. *Page 1188 
In December 1993 Hand filed an action against John Kelly and Greensprings Storage, alleging that Kelly was an employee or agent of Greensprings Storage and that at the time of the accident, Kelly was driving a truck owned by Greensprings Storage. John Kelly was never served with the complaint.
Greensprings Storage filed a motion for a summary judgment. The motion was supported by an affidavit of John Overby, the president of the corporation that operates Greensprings Storage. Overby averred as follows:
 "Greensprings Storage is owned by Milton Dommitt. Greensprings Storage is not incorporated. Greensprings Storage is in the self-storage business and it does not own or rent any trucks or other vehicles. In addition, Greensprings Storage did not own or rent any trucks or other vehicles on August 24, 1993. Greensprings Storage does not have any employees and did not have any employees on August 24, 1993."
In response to Greensprings Storage's motion, Hand filed an affidavit, in which she stated the following:
 "Milton Dommitt came to the scene of the accident and told me that his company, Greensprings Storage, was responsible for the accident and would take care of all expenses. I had been told during my inspection, which was prior to the accident, that Mr. Dommitt was the owner of Greensprings Storage and other businesses located within the same location. It was made clear to me from the conversation with Mr. Dommitt that Mr. Kelly was either an employee or agent of Greensprings Storage."
The trial court found that there was no genuine issue of fact and that Greensprings Storage was entitled to a summary judgment as a matter of law.
A motion for a summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v.Servpro, 581 So.2d 859 (Ala.Civ.App. 1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald.
Pursuant to Rule 56(e), Ala.R.Civ.P., an affidavit opposing the motion must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated. Black v. Reynolds, 528 So.2d 848 (Ala. 1988).
In her affidavit Hand stated that "[i]t was made clear to me from the conversation with Mr. Dommitt that Mr. Kelly was either an employee or agent of Greensprings Storage." "It is incumbent upon the nonmovant to support such assertions with admissible evidence, such as actual documents or affidavits of witnesses. Hearsay cannot create an issue of fact."Black.
Although this case was filed in December 1993, Hand did not use any discovery tools to present evidence to dispute Greensprings Storage's supporting evidence. Concerning Kelly's employment status, Hand could have easily obtained such items as payroll records, payroll tax records, and time sheets. In order to rebut Greensprings Storage's showing that it did not own the truck driven by Kelly, Hand could have obtained evidence by way of a title search or county license registration records. Hand, however, made no such discovery requests.
Hand's unsupported statements do not constitute substantial evidence. Her claim that Kelly was an employee or agent of Greensprings Storage is nothing more than speculation or conjecture, which cannot be used to create a genuine issue of material fact. Black.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status *Page 1189 
as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.