L. CHARLES WRIGHT, Retired Appellate Judge.
On March 22, 1993, Paul Davis Systems, Inc., of Birmingham North and East (hereinafter referred to as “the Contractor”) filed a complaint in the Jefferson County Circuit Court against the Housing Authority of the Birmingham District (HABD) for breach of contract for repairs performed on 18 fire-damaged apartment units.
During pendency of that case, the Contractor performed work, pursuant to nine separate contracts, on nine additional fire damaged apartment units. In a letter dated April 23, 1993, HABD informed the Contrae *33 tor that it had 14 days to cure certain specified delinquencies before HABD would begin charging liquidated damages as provided in the contracts. On August 9, 1993, HABD sent payment to the Contractor for the work performed on the nine units, less liquidated damages assessed. On August 16, 1993, the Contractor wrote a letter to HABD, disputing the assessment of liquidated damages and requesting full payment of its invoices. HABD informed the Contractor in a letter dated November 30, 1993, how it calculated the liquidated damages. On December 6, 1993, the Contractor informed HABD that it disputed HABD’s claim for liquidated damages and that it had requested its attorneys to amend its lawsuit to include the disputed charges.[1] On April 27,1994, the Contractor; Howard Self, a principal in the Contractor; and the Contractor’s attorney executed a release. On May 3, 1994, the Contractor’s action against HABD was dismissed with prejudice.
On May 15,1995, the Contractor and Howard Self filed another complaint against HABD and William Raymond Warren, an employee of HABD, for breach of nine contracts and for intentional interference with a business relationship. HABD and Warren answered and moved to dismiss the complaint, asserting the affirmative defenses of accord and satisfaction, estoppel, waiver, payment, release, statute of limitations, immunity, the doctrine of unclean hands, and the limitation on damages specified in § 11-93-2, Ala.Code 1975. HABD and Warren also counterclaimed, seeking enforcement of a release entered into by the Contractor in settlement of previous litigation against HABD.
Thereafter, HABD and Warren filed a summary judgment motion, which was denied at trial. The case was tried before a jury. HABD and Warren moved for a directed verdict at the close of the Contractor and Selfs case. The trial court dismissed Selfs claims and dismissed the claims against Warren. HABD again moved for a directed verdict at the close of all the evidence, which was granted on the claim of intentional interference with a business relationship. The Contractor moved for a directed verdict on HABD’s counterclaim; that motion was granted. The case was submitted to the jury on the Contractor’s breach of contract claim. The jury returned a verdict in favor of the Contractor and against HABD in the amount of $49,760 in compensatory damages. The trial court entered a judgment accordingly.
HABD appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975. On appeal, HABD contends that the trial court erred in denying its motion for a summary judgment and in submitting the ease to the jury.
Ordinarily, after a trial court has denied motions for a directed verdict and for a judgment notwithstanding the verdict, the denial of a motion for a summary judgment is moot and not appealable. Superskate, Inc., v. Nolen, 641 So.2d 231 (Ala.1994). Our supreme court further stated in Superskate:
“Upon a proper showing, it might be appropriate to resolve the summary judgment issue separately from the J.N.O.V. issue.... We caution that it would be a rare case where this Court would reverse the denial of a summary judgment when the nonmovant has produced sufficient evidence at trial to survive a directed verdict motion.”
641 So.2d at 234.
We recognize that the court in Superskate used phrases such as “at least arguable” and “may have a legitimate argument” and that it did not specifically adopt the proposition that a denial of a summary judgment motion may be the basis of an appeal after a trial and a jury verdict against the movant. The court, in Superskate, further stated that it was not holding that the issue was necessarily moot; that upon a proper showing it might be appropriate.
We find this to be the rare case contemplated in Swperskate, because the issue on summary judgment did not involve an *34 issue of a disputed fact but one of law, i.e., whether the release of liability by the Contractor was unambiguous and binding as to the subject claims. We find that the release is unambiguous and binding and that a summary judgment should have been entered in favor of HABD.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
HABD’s basis for its summary judgment motion was the April 27, 1994, release executed by the Contractor and Self and the doctrine of res judicata. That release states in pertinent part:
“THAT I, Howard Self, authorized principal of [the Contractor] ... in consideration of the sum of ONE HUNDRED FORTY THOUSAND DOLLARS ($140,-000.00) to me in hand paid, receipt of which is hereby acknowledged and confessed, have RELEASED, ACQUITTED and FOREVER DISCHARGED ... [HABD], a public Corporation, and all other persons, firms and corporations to whom and for whose conduct the parties hereby released may be liable, from any and all claims, demands and causes of action of whatsoever nature, whether in contract or in tort, or arising under or by virtue of any statute or regulation, and for all losses, injuries and damages of every land, type or nature which have accrued or may ever accrue to me, or to my heirs, executors, legal representatives, successors or assigns, for or on account of the matter which is the subject of the lawsuit, [the Contractor] v. [HABD], filed in the [Jefferson County Circuit Court on] March 22, 1993, with Case Number CV-93-02276.
“The aforementioned consideration is accepted by the undersigned in full satisfaction of all damages to the undersigned and to [the Contractor] arising out of said lawsuit. ...
“The consideration stated herein is accepted by me on my own behalf and on behalf of [the Contractor] in full compromise and settlement of all claims and causes of action for injuries, losses and damages being asserted in said suit, or which might have been asserted in said suit, or which arise from the facts of the claim surrounding the repair of certain fire damaged and vacancy units at HABD....
[[Image here]]
“It is further understood and agreed that in making the settlement, the acceptance of the undersigned of the consideration herein stated is a full accord and satisfaction of disputed claims.”
Our supreme court has held that “absent fraud, a release, supported by valuable consideration and unambiguous in meaning, will be given effect according to the intention of parties from what appears in the four corners of the document itself; and parol evidence is not admissible to impeach or vary its terms.” Wayne J. Griffin Electric, Inc. v. Dunn Construction Co., 622 So.2d 314, 317 (Ala.1993) (citations omitted). Further, in determining the intent of the parties, a court must give effect the plain and clear meaning of the terms of the document. Id. Whether a release is ambiguous is a question of law, and if the court determines that the release is unambiguous, the construction and legal effect of the release are questions of law, which under the appropriate circumstances may be decided on a motion for a summary judgment. Wayne J. Griffin Electric Inc., supra. If, however, the court determines that the release is ambiguous in any respect, the true meaning of the release becomes a question for the factfinder. Id.
After reviewing the release in its entirety, we find the release is plain and unambiguous. Therefore, because the release is unambiguous and because fraud was not alleged, we must look to what appears on the face of the document — to the clear and plain words of the release — in order to give effect to the intentions of the parties, and parol evidence *35 is inadmissible to impeach the terms of the release.
The plain and ordinary meaning of the words in the release executed by the Contractor is a “full compromise and settlement of all claims and causes of action for injuries, losses and damages ... which might have been asserted in said suit....” (Emphasis added.) The Contractor could have asserted the subject claims in its 1993 action and, in fact, informed HABD of its intent to do so, but apparently, the Contractor did not follow through and amend its complaint. If the parties had intended to limit the release, they could have specifically done so. However, having not expressly limited the release, the Contractor cannot assert an intent not found in the four comers of the document. Thus, no genuine issues of a material fact existed, and HABD was entitled to a judgment as a matter of law.
The judgment of the trial court is reversed, and a judgment is rendered in favor of HABD.
The foregoing opinion was prepared by Retired AppeEate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND JUDGMENT RENDERED.
All the judges concur.

. It does not appear from the record that Davis Systems amended its complaint to include the disputed charges.