WRIGHT, Retired Appellate Judge.
In 1989 Alabama Agricultural and Mechanical University (A&M) employed Willie J. Dunn as the coordinator of testing. Dunn’s title was later changed to director of testing services. His duties were to oversee the administration of various tests and the preservation of test results. The principal test that Dunn administered was the American College Testing Assessment (ACT).
In February 1992 ACT officials notified Dunn that they were terminating their relationship with him and that he could not be involved “in any capacity” with the administration of the ACT test. ACT officials also notified A&M that they had terminated their relationship with Dunn because, they said, Dunn failed to cooperate with their investigation of a testing irregularity that occurred in a test administered by Dunn. In May 1993 Dunn’s superior, Dr. Fran Johnson, notified Dunn that she was recommending the termination of his employment because, she said, he could not perform the full range of his responsibilities since ACT officials had terminated their relationship with him.
Dunn appealed Dr. Johnson’s recommendation to Dr. Virginia Capíes, then vice president for academic affairs. Dr. Capíes upheld the termination of Dunn’s employment, but changed the effective date of the termination from June 1, 1993, to July 1, 1993. Dr. Capíes notified Dunn of her decision in a letter dated June 9, 1993. Dunn filed a grievance and requested a hearing, pursuant to the procedures specified in A&M’s 1989 Staff Handbook (Handbook). On October 15, 1993, A&M’s grievance committee held a hearing on Dunn’s grievance. Dunn’s attorney attended the grievance hearing and was permitted to make an opening and a closing statement. Dunn was permitted to cross-examine adverse witnesses.
On October 22, 1993, after a two-to-one vote, the grievance committee issued its recommendation — reinstate Dunn to a comparable position and pay him back wages. In a letter dated November 2, 1993, Lois Thompson, director of human resources, forwarded the grievance committee’s recommendation to Dr. David Henson, the president of A&M. Dr. Henson received Thompson’s correspondence on November 10, 1993. In a memorandum to Thompson, dated November 18, 1993, Dr. Henson rejected the grievance committee’s recommendation and affirmed Dr. Johnson’s termination of Dunn’s employment. Thompson forwarded a copy of Dr. Henson’s memorandum to Dunn.
On August 4, 1994, Dunn filed a complaint in the Madison County Circuit Court against A&M, Dr. Henson, the individual members of A&M’s Board of Trustees, and the three members of the grievance committee. Dunn *226 asserted that A&M violated his right to due process in failing to comply with A&M’s Handbook, which required A&M to provide him with a list of witnesses 10 days before the grievance hearing and to permit his attorney to cross-examine witnesses during the grievance hearing. Dunn also asserted that Dr. Henson did not reject the grievance committee’s recommendation within 10 days from his receipt of the recommendation, as required by the Handbook. Last, Dunn asserted claims of procedural due process violation under the Fourteenth Amendment to the United States Constitution, under 42 U.S.C. § 1983, and under Article I, §§ 6 and 13 of the Alabama Constitution of 1901. Dunn sought reinstatement, compensatory damages, a declaratory judgment, relief in the nature of a writ of mandamus, punitive damages, and an attorney fee.
A&M, Dr. Henson, the trustees, and the grievance committee members filed a notice of removal and removed the case to the United States District Court for the Northern District of Alabama, Northeastern Division. Thereafter, the district court dismissed Dunn’s federal procedural due process claims and remanded Dunn’s remaining state claims to the Madison County Circuit Court.
On December 4, 1994, Dunn filed an amended complaint, restating his original claims and claiming that Dr. Henson did not reject the grievance committee’s recommendation within 10 days after receiving the recommendation, as required by the Handbook. A&M, Dr. Henson, the trustees, and the grievance committee members filed a motion to dismiss the amended complaint.
Thereafter, A&M, Dr. Henson, the trustees, and the grievance committee members filed a summary judgment motion, a statement of the undisputed facts, and supporting materials. Dunn filed a response to the summary judgment motion and supporting materials.
On April 16, 1997, the trial court granted A&M, Dr. Henson, the trustees, and the grievance committee members’ summary judgment motion and entered a judgment in their favor. The trial court found that Dunn’s federal claims asserted in the amendment to his complaint were the same claims dismissed by the distinct court and that the dismissal was res judicata to the claims asserted in Dunn’s amended complaint. The trial court also found that Dunn proceeded with the grievance hearing “notwithstanding his knowledge and notice of the alleged deficiencies in the process.” The trial court held that Dunn waived the “alleged deficiencies.” The trial court also found that Dunn suffered no injury as a result of the “alleged deficiencies,” stating that “[t]he grievance committee could have granted [Dunn] no greater relief than its recommendation for reinstatement.” The trial court further found that Dr. Henson acted within 10 working days of his receipt of the grievance committee’s recommendation, as required by the Handbook, and that Dunn was not deprived of due process of law. On May 15, 1997, Dunn filed a motion to alter, amend, or vacate the judgment; an objection to the judgment; and a motion to “correct facts.” On July 17, 1997, after a hearing, the trial court denied Dunn’s motions.
Dunn appeals[1], pro se, contending that A&M terminated his employment without affording him due process of law as guaranteed under the Fourteenth Amendment to the United States Constitution and under Article I, §§ 6 and 13 of the Alabama Constitution of 1901 and that A&M violated his civil rights protected in 42 U.S.C. § 1983. He further contends that the trial court erred in holding that his federal constitutional and § 1983 claims were barred under the doctrine of res judicata and in entering a summary judgment in favor of A&M.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substan *227 tial evidence demonstrating the existence a genuine issue of a material fact. Id. of
Dunn argues that A&M terminated his employment without affording him due process of law because, he says, A&M did not allow his attorney to conduct the cross-examination of witnesses adverse to him and because he did not receive a witness list 10 days before the grievance hearing.
Chapter IX of the Handbook provides the following, in pertinent part: “a staff member shall have the right to counsel, to present the testimony of witnesses and other evidence, to confront and cross-examine adverse witnesses and examine all documents and other adverse demonstrative evidence.” A&M’s interpretation of this chapter is to allow a staff member’s attorney to present an opening and a closing statement, but not to permit the attorney to direct or cross-examine witnesses. The record reflects that A&M was not represented by counsel at the grievance hearing, but that A&M’s director of human resources presented A&M’s side to the grievance committee. The Handbook also states that “[a] list of witnesses to be heard shall be submitted to all parties ten days in advance of the hearing.” The record reflects that neither side exchanged a witness list.
“[P]rocedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one’s life, liberty, or property interests are about to be affected by governmental action.” Brown's Ferry Waste Disposal Center, Inc. v. Trent, 611 So.2d 226, 228 (Ala.1992). See also Carter v. City of Haleyville, 669 So.2d 812 (Ala.1995).
Although Dunn’s attorney was not permitted to direct or cross-examine witnesses and Dunn did not receive a witness list 10 days before the grievance hearing, Dunn did receive notice of the grievance hearing and did have an opportunity to be heard. Accordingly, we conclude that A&M did not deny Dunn procedural due process.
With regard to Dunn’s federal constitutional and § 1983 claims, the district court found that Dunn’s claims were ambiguous and could be read as state law claims. The district court also found that Dunn had an adequate state remedy for the loss of his employment. The district court, citing McKinney v. Pate, 20 F.3d 1550 (11th Cir.1994), dismissed Dunn’s constitutional and § 1983 claims on the ground that he failed to state a claim upon which relief could be granted.
Under McKinney, if a plaintiff has an adequate state remedy for the deprivation of property, i.e. his employment, then the plaintiff has not suffered a violation of his procedural due process rights. Dunn was permitted to participate in a grievance (pre-termination) hearing and has invoked the jurisdiction of this court to review the termination of his employment. Therefore, Dunn has also been afforded post-termination review of the loss of his employment. Accordingly, we conclude that Dunn has not suffered a violation of his federal procedural due process rights and that, under the McKinney analysis, he failed to state a claim upon which relief could be granted. McKinney, supra. Although the trial court held that Dunn’s federal constitutional and § 1983 claims were barred under the doctrine of res judicata, our supreme court has held that the judgment of a trial court will be affirmed if the court reached the correct result, even if the court gave the wrong reason. Morrison v. Franklin, 655 So.2d 964 (Ala.1995).
Based upon the foregoing, we conclude that there was no genuine issue of material fact and that A&M, Dr. Henson, the trustees, and the grievance committee members were entitled to a judgment as a matter of law.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.

. Dunn filed two notices of appeal, the second notice was to correct deficiencies in the first notice. Both notices were docketed resulting in two case numbers for the same appeal.