735 So.2d 1163 (1998)
Carmen Thomas JONES
v.
COLONIAL BancGROUP.
2970059.
Court of Civil Appeals of Alabama.
March 13, 1998.
Rehearing Denied April 17, 1998.
Certiorari Denied May 14, 1999.
*1164 E. Ansel Strickland of Law Offices of M. Clay Ragsdale, Birmingham, for appellant.
Terry Price and Albert L. Vreeland II of Lehr, Middlebrooks, Price & Proctor, P.C., Birmingham, for appellee.
Alabama Supreme Court 1971313.
WRIGHT, Retired Appellate Judge.
Carmen Thomas Jones and Anthony Jones filed a complaint in the Jefferson County Circuit Court, asserting an assault and battery claim against Larry Mullins and a respondeat superior claim against Colonial BancGroup. Carmen alleged that Mullins, her supervisor, assaulted and battered her and that Colonial ratified Mullins's act. Anthony alleged a claim of loss of consortium as a result of Colonial and Mullins's wrongful action. Mullins was not served and was dismissed without prejudice. Thereafter, Colonial filed a motion for a summary judgment, alleging that the Joneses' claims were barred by the exclusivity provisions of the Workers' Compensation Act. The trial court granted Colonial's motion; however, the trial court also granted the Joneses 28 days to amend their complaint.
The Joneses filed a motion to amend their complaint, which the trial court granted. The Joneses amended their complaint to allege claims of invasion of privacy and the tort of outrage. Colonial filed a motion to dismiss or, in the alternative, for a summary judgment. Following argument of counsel, the trial court granted Colonial's motion and entered a judgment in Colonial's favor.
Carmen Jones appeals, contending that the trial court erred in holding that her claims were barred by the exclusivity provisions of the Workers' Compensation Act, because, she says, her injuries were purely psychological and are not covered by the Act. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
The trial court based its judgment solely on the exclusivity provisions of the Workers' Compensation Act and did not address the issue of whether Carmen could prove the essential elements of her tort claims; therefore, that issue is not before this court and will not be addressed.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
The record reveals the following pertinent facts: On February 25, 1994, Carmen met with Colonial's personnel director, Charles Wilkinson, and her department's manager, Larry Mullins. Wilkinson informed Carmen that she was being transferred to the dayshift in another department. Carmen testified by deposition that Wilkinson told her that the transfer was optional and that she declined the transfer. She also testified that Mullins told her that she had no choice about the transfer and that she again declined the transfer.
Carmen returned to her workstation on another floor to get her purse and to go to lunch. Carmen retrieved her purse, walked to the lobby area, and waited for the elevator. While Carmen was waiting, Mullins confronted her, stating, "little lady, you don't know who you are messing with. Don't come back here starting no trouble. I will get you fired right now." Carmen reached around Mullins to press the elevator button, and Mullins pushed and/or shoved Carmen against a wall. Mullins also poked Carmen's glasses four or five times, causing Carmen's glasses to fall off. Carmen testified that she was upset and frightened by Mullins's assault *1165 and battery. She notified Wilkinson of the incident, and he went to the building lobby to accompany her to her workstation. Carmen testified that she told Wilkinson that because she was so upset about the incident, she could not continue working and needed to leave work early.
Carmen also testified that Mullins had harassed or threatened two other employees sometime before he attacked her. Carmen admitted that during the assault, she told Mullins to "kiss my ass" and called him a "sissy bitch." Although Carmen sustained only a bruise on her nose, she testified that she suffered "emotional hurt" and fear as a result of Mullins's assault and battery.
The exclusivity provisions of the Workers' Compensation Act are found in §§ 25-5-52 and -53, Ala.Code 1975. Section 25-5-52 provides:
"Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse, or next of kin of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."
Section 25-5-53 provides, in pertinent part, as follows:
"The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment. In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to the workers' compensation insurance carrier of the employer; to a person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers' compensation claims for the employer; to an officer, director, agent, or employee of the carrier, person, firm, association, trust, fund, or corporation; to a labor union, an official, or representative thereof; to a governmental agency providing occupational safety and health services, or an employee of the agency; and to an officer, director, agent, or employee of the same employer, or his or her personal representative. Nothing in this section shall be construed to relieve a person from criminal prosecution for failure or neglect to perform a duty imposed by law."
In Busby v. Truswal Systems Corp., 551 So.2d 322, 325 (Ala.1989), our supreme court held that tort actions for "purely psychological injuries inflicted during the course of employment" are not barred by the exclusivity provisions of the Workers' Compensation Act. In Busby, the plaintiffs alleged that they had been sexually harassed, both verbally and physically, and asserted claims of invasion of privacy and the tort of outrage.
Similarly, in this case Mullins allegedly verbally and physically harassed Carmen. Carmen asserted claims of invasion of privacy and tort of outrage and sought damages for psychological injuries by Mullins's attack. Consequently, we conclude that the trial court erred in holding that Carmen's invasion of privacy and tort of outrage claims were barred by the exclusivity provisions of the Workers' Compensation Act and in entering a judgment in favor of Colonial.
*1166 The judgment of the trial court is reversed and this cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY, J., concurs in the result, with opinion.
YATES and THOMPSON, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
I concur only because the Workers' Compensation Act does not bar Jones's tort claims of outrage and invasion of privacy. Garvin v. Shewbart, 442 So.2d 80 (Ala.1983). In its motion for summary judgment, Colonial argued only that the exclusivity provisions of the Workers' Compensation Act barred Jones's tort claims. Colonial did not argue that Jones had failed to present substantial evidence supporting her outrage and invasion-of-privacy claims. If Colonial had argued the merits of Jones's tort claims in its summary judgment motion, I would conclude that Jones's allegations failed to state claims of outrage and invasion of privacy as outlined in Busby v. Truswal Systems Corp., 551 So.2d 322 (Ala.1989).