WRIGHT, Retired Appellate Judge.
Rose Ray, Carol Strickland, Richard Graham, and Brenda Smith (employees) filed a complaint in the Morgan County Circuit Court against the Decatur City Board of Education, the individual members of the Board, the superintendent of the Board, and various fictitious defendants. The employees requested that the trial court declare that the Board, the Board members, and the superintendent had wrongfully terminated their employment, had violated the Fair Dismissal Act, and had failed to follow its own policies and procedures. They also asserted claims of breach of contract. Strickland and Graham also asserted discrimination claims.
The Board, the Board members, and the superintendent filed a motion for a summary judgment on the employees’ declaratory and breach of contract claims. They also filed a narrative summary of the evidence, the exhibits, a supporting affidavit, and a brief. The employees filed individual motions for a summary judgment, along with supporting briefs.
Following arguments of counsel, the trial court granted the summary judgment motion of the Board, the Board members, and the superintendent. Thereafter, the trial court entered an amended order, granting the summary judgment motion of the Board, the Board members, and the superintendent, but reserving ruling on Strickland and Graham’s discrimination claims. The trial court, pursuant to Rule 54(b), Aa. R. Civ. P., made the order final and appealable. The employees filed a motion to alter, amend, or vacate the amended order, which the trial court denied.
The employees appeal, contending that they were nonprobationary employees and were entitled to notice and a hearing before termination of their employment, that the Board’s failure to provide Smith with a 15-day notice of nonrenewal of her contract violated the Fair Dismissal Act, and that the Board violated the Fair Dismissal Act, §§ 36-26-100 through -108, Aa.Code 1975, and its policies in failing to vote on the superintendent’s recommendation that the employees’ contracts not be renewed.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. *682 Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
Ray was a custodian from January 3,1994, until June 13, 1996. Smith was a teacher/clerical aide from September 19,1994, until May 30, 1996. Graham was a custodian from January 27, 1994, until June 13, 1996. Strickland was a custodian from August 26, 1993, until June 13, 1996. Ray, Strickland, and Graham were also substitute custodians before becoming regular custodians. Smith was a substitute teacher before becoming a teacher/clerical aide. Each worked under a contract of employment that had a specified beginning and an ending date.
The employees worked at different schools. The superintendent requested that the school principals recommend which school employees’ contracts should or should not be renewed. The superintendent received a nonrenewal recommendation for each of the employees’ contracts and presented his recommendations to the Board. The Board did not vote on the superintendent’s recommendations that the employees’ contracts should not be renewed. In a letter the superintendent informed each of the employees that the Board had not renewed his or her contract. Each of the employees, except Smith, received a 15-day notice that his or her contract was not renewed. Smith received eight days’ notice of the nonrenewal of her contract.
The employees argue that, if one adds the time they were employed as “substitute” custodians or as a clerical aide to the years they were employed as custodians or as a clerical aide, they were employed for three years, and that they were entitled to notice and a hearing before their employment contracts were terminated.
The Fair Dismissal Act (FDA), §§ 36-26-100 through -108, Ala.Code 1975, sets the dismissal procedures for nonteachers and employees of city and county boards of education. The FDA applies to the following:
“[A]ll persons employed by county and city boards of education, two-year educational institutions under the control and auspices of the state board of education, the Alabama Institute for Deaf and Blind not to include production workers at the Alabama Industries for the Blind, educational and correctional institutions under the control and auspices of the Alabama department of youth services, who are so employed as bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel, secretaries and clerical assistants supervisors and all other persons not otherwise certified by the state board of education. Only full-time employees who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute at the time this article is adopted are intended to be covered by this article. Full-time employees include (a) adult bus drivers and (b) other employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted. Substitute teachers and substitute employees are excluded from the article.”
§ 36-26-100, Ala.Code 1975 (emphasis added). Section 36-26-101 provides that “[a]ll employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment. ...”
Our supreme court has held as follows:
“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm’n *683 v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687 (Ala.1991).”
IMED Corp. v. Systems Engineering Assoc., 602 So.2d 344, 346 (Ala.1992).
The language of § 36-26-100 is plain and unambiguous; the FDA does not apply to “substitute employees.” Therefore, because the FDA expressly excludes substitute employees from its coverage, we conclude that the years, months, or days that the employees were employed as substitute custodians or as a clerical aide do not apply toward the three-year probationary period set forth in § 36-26-101. See Ex parte McLeod, 718 So.2d 682 (Ala.1997). Unlike the Teacher Tenure Act, which is codified at §§ 16-24-1 through -38, Ala.Code 1975, the FDA does not contain an automatic contract renewal provision. None of the employees had been employed as a “regular employee” for three years; therefore, the employees had not acquired nonprobationary status when their contracts lapsed. Accordingly, the employees were not entitled to notice and a hearing pursuant to §§ 36-26-103 and -104. As probationary employees, the employees were entitled to written notification at least 15 days prior to the effective date of termination. § 36-26-101(c). All of the employees, except Smith, received 15-days’ notice of the nonrenewal of his or her contract. Therefore, we must determine whether the nonrenewal of the employees’ contracts were terminations that triggered the 15-day notice of § 36-26-101(e).
In Guyse v. Morgan County Bd. of Educ., 516 So.2d 692 (Ala.Civ.App.1987), Guyse was a “nonprofessional employee” of the Board, and her immediate supervisor recommended that her contract not be renewed for the next school year. The superintendent recommended the termination of Guyse’s employment to the Board; however, the motion failed to pass, receiving less than a majority vote. The superintendent notified Guyse that the Board had not renewed her contract. Guyse appealed, contending that the nonre-newal of an employment contract required the superintendent’s recommendation and the approval of a majority of the Board. This court held that “no ... statutory requirement exists for nonrenewal of an employment contract for a fixed term,” that Guyse was employed for a fixed term, and that Guyse was not dismissed, “she was just not reemployed.” Guyse, 516 So.2d at 693.
Similarly, each employee had a fixed term contract of employment and was notified that his or her contract was not renewed. On the authority of Guyse, we conclude that the employees were not dismissed, that their employment contracts were not renewed, and that their contracts terminated on the date specified in each contract. Therefore, because we conclude that the employees’ employment was not terminated, the Board was not required to give the employees the 15-day written notice set forth in § 36-26-101(c).
Last, we address whether the Board’s failure to vote on the superintendent’s recommendation violated the FDA
The employees argue that § 16-12-16, Ala. Code 1975, requires that the superintendent recommend for dismissal janitors and regular employees and that § 16-11-17 requires the Board to vote on the dismissal of an employee. Section 16-12-16 provides, in pertinent part, as follows:
“The city superintendent of schools shall nominate in writing for appointment by the city board of education all principals, teachers, supervisors, attendance officers, janitors and all other employees of the board ... and recommend them for dis-missal_”
Section 16-11-17, provides as follows:
“The city board of education shall fix the salaries of all employees and may suspend or dismiss any ... other regular employee so appointed on the written recommendation of the city superintendent of schools....”
As previously stated, the Board did not dismiss the employees, it did not renew the employees’ contracts. The employees’ contracts terminated on a specified date; therefore, the Board was not required to vote on the superintendent’s recommendation not to renew the contracts. Guyse, supra.
The judgment of the trial court is due to be affirmed. The foregoing opinion was pre *684 pared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.