Barry G. Borum sued Alabama Inter-Forest Corporation (AIFC) and Jack Winkleblack, asserting claims of fraudulent misrepresentation, fraud in the inducement, and breach of an implied contract. AIFC and Winkleblack filed a motion for a summary judgment, along with a narrative summary of the undisputed facts and a supporting brief. Borum filed an opposition to the motion, along with supporting documents.
Following oral argument of counsel, the trial court entered a summary judgment in favor of AIFC and Winkleblack. Borum filed a motion to alter, amend, or vacate the summary judgment, which was denied by operation of law.
Borum appeals, contending that the trial court erred in entering a summary judgment in favor of AIFC and Winkleblack. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. GreenspringsStorage, 678 So.2d 1187 (Ala.Civ.App. 1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
The record reveals the following pertinent facts: In 1994 Borum, who lived in Madison County, was a self-employed computer specialist. He restored automobiles to earn extra income. A friend told Borum that AIFC, in Eufaula, needed someone with computer expertise. Borum contacted Winkleblack, the chief executive officer of AIFC.
Borum testified by deposition that he had several telephone conversations with Winkleblack before meeting with him. Borum stated that he and Winkleblack were to meet with a client and also were to meet and discuss a position at AIFC. In April 1994 Borum accompanied Winkleblack to Leigh Manufacturing in Florida. After returning to Eufaula, Borum and Winkleblack met at AIFC's facilities and discussed the terms of Borum's employment. Borum produced a document, prepared by Winkleblack, setting out the terms of Borum's salary, his bonuses, and his benefits. According to Borum, Winkleblack said that Borum had a job with AIFC, beginning May 2, 1994.
Relying on Winkleblack's assurance of employment, Borum arranged to sell his house in Madison County, at a loss of approximately $19,000. During the move, he sold some of his furniture and antiques, at a reduced price, and incurred $1,800 in moving expenses. Borum informed his clients that he was taking a job with AIFC and would no longer be available to work for them. He also decreased his automobile restoration projects and moved his possessions to storage in Eufaula. On May 1, 1994, he called Winkleblack, who informed Borum that he had changed his mind about giving Borum the job. Borum asked why he was not getting the job, and Winkleblack responded that his son would fill the position.
Winkleblack testified by deposition that he would "[n]ever in the world . . . solicit somebody to work [who] had no experience in our field." He stated that he did not intend to hire Borum and thought that if he took Borum to Leigh Manufacturing, Borum would understand the "difference between what he did and what he would have to do." Winkleblack denied hiring Borum.
Winkleblack admitted that he wrote a document for Borum that detailed salary, bonuses, and benefits. He admitted that at the *Page 853 
time he provided the information for Borum, he did not intend to hire him. However, in correspondence between Borum's attorney and Winkleblack's attorney, Winkleblack admitted that he "agreed to a trial sales job for ninety days at $500.00 per week on the condition that [Winkleblack] would be the only person who could work with [Borum] and [Borum] would have to travel with [Winkleblack] to see customers and prospective customers."
Borum asserted that Winkleblack made misrepresentations of fact that induced Borum to terminate his business, to sell his house and some of his belongings, and to move to Eufaula.
In Kidder v. AmSouth Bank, N.A., 639 So.2d 1361
(Ala. 1994), our supreme court addressed the issue of whether a party can assert a fraud in the inducement claim in an employment-at-will situation. The court held that a person "may maintain an action alleging fraud in the inducement of her employment based upon representations [before the employment]."Id. at 1362-63. The court also held that an employee in an employment-at-will situation may not assert a breach of contract claim.
After carefully considering the record, we affirm the summary judgment on Borum's breach of contract claim. We conclude, however, that Borum presented substantial evidence to support his claim of fraud in the inducement and fraudulent misrepresentation. Therefore, we reverse the summary judgment on Borum's fraud claims and remand this case for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.