PITTMAN, Judge.
Jamie Bullin, Lisa Johnson, and Tabitha Manuel (“the employees”) appeal from a summary judgment of the Montgomery Circuit Court on their tort claim against their employer, Correctional Medical Services, Inc. (“CMS”), arising out of an incident that occurred on August 31, 2000, in the health-care unit at the Fountain Correctional Facility. We reverse and remand.
In August 2002, the employees brought a civil action against CMS, three individuals employed by the Alabama Department of Corrections, and several fictitiously named defendants in the Baldwin Circuit Court. With respect to CMS, the employees collectively alleged that CMS had “negligently, wantonly, recklessly and/or intentionally failed to formulate, implement and oversee policies and procedure *271 for the protection of the [employees] from the wrongful conduct of the prison population” and that the employees had been “terrorized” and “caused to suffer severe and continuing mental anguish and emotional distress” as a proximate result of CMS’s omissions. The Baldwin Circuit Court transferred the cause to the Montgomery Circuit Court (“the trial court”) on the named defendants’ motion.
After the cause was transferred to the trial court, CMS filed a motion for a summary judgment, alleging that the employees’ exclusive remedy was a claim under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”). In support of its motion, CMS filed excerpts from the transcribed deposition of Manuel; CMS later filed the complete transcripts of the employees’ depositions. In a statement filed in opposition to CMS’s motion, the employees contended that their claim alleged purely psychological injuries and that the claim was, therefore, outside the scope of the Act’s exclusivity provisions. The trial court entered an order granting CMS’s summary-judgment motion on February 11, 2004, and it directed the entry of a final judgment as to that order pursuant to Rule 54(b), Ala. R. Civ. P. The employees appealed, and the Supreme Court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Our standard of review is well-settled:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted).
The sole issue on appeal is whether the Act bars the employees’ tort claim. In Ex parte Shelby County Health Care Authority, 850 So.2d 332 (Ala.2002), the Alabama Supreme Court addressed whether Ala. Code 1975, §§ 25-5-52 and 25-5-53, ie., the Act’s exclusivity provisions, barred a tort claim filed by a nurse against her employer, a county hospital, arising from an automobile accident that occurred while she was commuting to her home after completing two consecutive 16-hour work shifts with an 8-hour break between those shifts. After considering the “plain language of the exclusivity provisions,” 850 So.2d at 337, the Supreme Court concluded that the Act did not bar the nurse’s tort claim, holding that “the Act is the exclusive remedy when an employee is injured in an accident proximately resulting from, and that occurred while the employee was engaged in, the actual performance of the duties of his or her employment.” 850 So.2d at 338.
Ex parte Shelby County Health Care teaches that a court considering whether an employee’s remedy against an employer is limited to the remedy provided under the Act, rather than a remedy provided under the law of torts, should look to the plain language of the Act itself. Ala.Code 1975, § 25-5-52, states that except as provided in the Act, no employee of any employer subject to the Act “shall have a right to any other method, form, or *272 amount of compensation or damages for an injury ... occasioned by an accident” that proximately results from and occurs during his or her employment (emphasis added). Similarly, § 25-5-53 states that the rights and remedies set forth in the Act “shall exclude all other rights and remedies of the employee ... at common law, by statute, or otherwise on account of injury, loss of services, or death,” and it provides that, except as set forth in the Act, “no employer shall be held civilly liable for personal injury ” to an employee “whose injury ... is due to an accident ... while engaged in the service or business of the employer, the cause of which accident ... originates in the employment” (emphasis added).
Both of those sections include the term “injury,” which is itself a defined term under the Act. Under Ala.Code 1975, § 25-5-1(9), the Legislature has defined “injury” to mean “injury by accident arising out of and in the course of the employment.” However, the term “injury” expressly “does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body.” Id. (emphasis added).
In this case, each of the employees testified that her injuries were purely psychological in nature. Bullin testified that in the early morning hours of August 31, 2000, she and the other two employees had been working in the health-care unit at Fountain Correctional Facility when she heard a corrections officer scream. Bullin was thereafter captured by one of several prison inmates and was led at knifepoint into an interior hallway; however, the other two employees were able to avoid being captured by barricading themselves in a “break room.” Bullin testified at her deposition that she was released later that morning; she added that she was not physically harmed in any fashion during the time she was held as a hostage by the inmates, but she testified that she has suffered anxiety and nightmares since the ordeal. Johnson and Manuel similarly testified at their depositions that they had suffered only emotional injuries, and they denied having sustained physical injuries during the incident made the basis of the complaint.
This court considered a case involving a similar set of facts in Jones v. Colonial BancGroup, 735 So.2d 1163 (Ala.Civ.App.1998). In Jones, a bank employee was confronted verbally by her department’s manager while awaiting an elevator and became upset when the manager shoved her against a wall and poked her eyeglasses, causing her emotional distress; she sued the manager and the bank in tort. This court reversed a summary judgment in favor of the bank, concluding that the Act’s exclusivity provisions did not bar the bank employee’s tort claims. The main opinion, authored by a retired judge and joined by two sitting judges, cited Busby v. Truswal Systems Corp., 551 So.2d 322, 325 (Ala.1989), for the proposition that “tort actions for ‘purely psychological injuries inflicted during the course of employment’ are not barred by the exclusivity provisions of the Workers’ Compensation Act.” 735 So.2d at 1165. Judge Crawley, although voting to concur in the result, agreed with the main opinion that “the Workers’ Compensation Act d[id] not bar [the bank employeej’s tort claims of outrage and invasion of privacy.” 735 So.2d at 1166 (citing Garvin v. Shewbart, 442 So.2d 80 (Ala.1983)).
The holding of this court in Jones compels us to conclude that the employees’ tort claim against CMS is not barred by the exclusivity provisions of the Act because the employees are undisputedly not seeking recovery for an “injury” within the *273 scope of the Act. Although the purportedly tortious conduct of CMS that is alleged to have harmed the employees in this case may not be comparable to that alleged in Jones, or that alleged in Busby (which involved egregious sexual harassment), the claimed result of that conduct is the same: emotional distress that has not been produced or proximately caused by a physical injury to the body so as to be within the scope of § 25-5-1(9).
The summary judgment in favor of CMS is reversed, and the cause is remanded for further proceedings. However, our conclusion should not be construed as indicating that the employees are necessarily entitled to prevail on their tort claim. As in Jones, the judgment under review is based “solely on the exclusivity provisions of the Workers’ Compensation Act,” and whether liability may properly be affixed upon CMS as a matter of tort law “is not before this court and will not be addressed.” 735 So.2d at 1164; see also Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (indicating that a summary judgment may not properly be affirmed where the movant “has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element”).
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.