In Herchenhahn v. Amoco Chemical Co., 688 So.2d 847
(Ala.Civ.App. 1997), the employee sought to recover "occupational disease" benefits under Article 4 of the Workers' Compensation Act for a psychological disorder alleged to have been caused by the employee's supervisor. In affirming the trial court's judgment denying benefits to the employee, the Court of Civil Appeals quoted the definition of "occupational disease" in §25-5-110(1), Ala. Code 1975, and explained that "[f]or a disease to be classified as occupational, it must derive from hazards that are (1) in excess of those ordinarily incident to employment in general, and (2) different in character from those found in the general run of occupations." Herchenhahn, 688 So.2d at 849
(citing Clark v. Russell Corp., 671 So.2d 677 (Ala.Civ.App. 1995)). The court based its affirmance of the trial court's judgment on the ground that there was "nothing peculiar about Herchenhahn's employment . . . that made him more susceptible to harassment by a supervisor than he would have been in any other kind of employment." 688 So.2d at 850.
In the present case, the employee seeks to recover occupational-disease benefits under Article 4 of the Act for post-traumatic stress disorder and depression allegedly caused by a series of traumatic incidents she experienced as a police dispatcher. This case is distinguishable from Herchenhahn, however, in that the evidence tends to support the employee's contention that her psychological disorders were in fact caused by hazards that are (1) in excess of those ordinarily incident to employment in general, and (2) different in character than those found in the general run of occupations. I therefore disagree with the main opinion as to the applicability of Herchenhahn to the present case.[2]
Nonetheless, I believe the result reached in this case by the main opinion is correct and that this court should affirm the trial court's denial of benefits. I reach this conclusion based upon another principle, also relied upon in the main opinion, namely, that an employee's psychological disorder is not compensable under the Workers' Compensation Act unless it derives from a physical injury.
By applying the latter principle in the context of a claim based on an occupational disease under Article 4 of the Workers' Compensation Act, this court's holding today is consistent with the decisions of both this court and our Supreme Court as to claims alleging psychological disorders resulting from "accidents" under Article 3 of the Workers' Compensation Act.See generally, e.g., Ex parte Vongsouvanh, 795 So.2d 625 (Ala. 2000). Until today, however, neither our Supreme Court's decision in Ex parte Vongsouvanh, nor other decisions of the Supreme Court and of this court affirming this principle, have squarely applied it to a case addressing the compensability of a psychological disorder claimed to be an occupational disease under *Page 779 
Article 4.[3]
It is true that the last sentence in the Court of Civil Appeals' opinion in Herchenhahn does state that, if psychological disorders are to be compensable other than when they are a derivative of a physical injury, the "Legislature, as the proper policy-making body," must act to make them so.688 So.2d at 850. With the exception of that one sentence, however, the analysis in Herchenhahn focused entirely on the fact that the alleged cause of the employee's psychological injuries, a supervisor's harassment, was common to many occupations and for that reason could not qualify as a "occupational disease" under §25-5-110(1), Ala. Code 1975. Therefore, the last sentence inHerchenhahn, though correct, may be considered dictum.
Accordingly, I find it necessary to revisit the pertinent statutory provisions to determine the applicability of the principle in question to a psychological disorder claimed to be an occupational disease under Article 4. In doing so, I find it important to begin with the principle of statutory construction articulated by Judge Crawley in USX Corp. v. Bradley,881 So.2d 421 (Ala.Civ.App. 2003):
 "This court has the duty to construe provisions within a statutory plan in harmony with each other. J.N.H. v. N.T.H., 705 So.2d 448 (Ala.Civ.App. 1997). In interpreting statutory language, a court does not look at one word or one provision in isolation, but rather looks to a whole statutory scheme for clarification and contextual reference. United States v. McLemore, 28 F.3d 1160 (11th Cir. 1994)."
881 So.2d at 426. See also Wal-Mart Stores, Inc. v. Patterson,816 So.2d 1 (Ala. 2001) ("`In construing statutes, this Court does not interpret provisions in isolation, but considers them in the context of the entire statutory scheme.' Governor DonSiegelman v. Alabama Ass'n of School Bds., 819 So.2d 568, 582
(Ala. 2001)." (Emphasis omitted.)). Thus, we must read the definition of "occupational disease" in § 25-5-110(1) in parimateria with the provisions for "compensation" therefor in Ala. Code 1975, §§ 25-5-111, -113, and -119, and in pari materia
with the definition of "compensation" in Ala. Code 1975, §25-5-1(1). Section 25-5-1(1) defines "compensation" as money benefits paid as a result of "injury" or death. All of these provisions and definitions, particularly the definition for the term "compensation," must in turn be read in pari materia with the definitions relating to "injury" in Ala. Code 1975, §25-5-1(7) and (9), the latter of which defines "injury" as including "occupational diseases" but excluding what the Legislature chose to refer to as "mental disorders." I therefore must conclude that the "mental disorder" of the employee in the present case is not compensable under the Workers' Compensation Act. Accord Bullin v. Correctional Med. Servs., Inc.,908 So.2d 269 (Ala.Civ.App. 2004).
This court would exceed its role if it read into the Act that which the Legislature has chosen not to write into it. See alsoMagouirk v. United Parcel Serv., 496 So.2d 55 (Ala.Civ.App. 1986); Nix v. Goodyear Tire Rubber Co., 624 So.2d 641
(Ala.Civ.App. 1993) (commenting on the nature *Page 780 
of the statutory changes made by our Legislature in 1992, and those statutory changes not made, following this court's decision in Magouirk).
[2] Because of the factual basis available to this court for its decision in Herchenhahn, this court did not need to reach the more fundamental legal principle that is needed to decide the case now before us. I see nothing wrong with the ratiodecidendi of Herchenhahn, insofar as it goes, however, and therefore I see no reason to overrule it.
[3] The result of our holding in this case will be to treat psychological disorders the same, whether compensation therefor is sought under Article 3 or Article 4. As discussed below, we are required to interpret the various provisions of the Workers' Compensation Act in pari materia with one another. With that in mind, we are presented with no reason why our Legislature would have intended one rule for psychological-disorder claims brought under Article 3 and a different rule for psychological-disorder claims brought under Article 4.