MOORE, Chief Justice
(dissenting).
I believe that the at-will language in the employment contract between Robert Kyle Morris and Farmers[12] defeats Morris’s fraud claim. “An at will employment contract is terminable by either party for a good reason, a bad reason, or no reason at all.” Hall v. Integon Life Ins. Co., 454 So.2d 1338, 1344 (Ala.1984). Although Alabama generally recognizes that an action based on alleged fraudulent inducement tenter employment is actionable even if the employment is at will, Kidder v. AmSouth Bank, N.A., 639 So.2d 1361 (Ala.1994), I agree with Justice Houston’s dissent in Kidder that “if the employee knows that [he] will be an at-will employee, ... [he] could not justifiably rely on any-promise concerning the working conditions during [his] .at-will employment.” 639 So.2d at 1363. Because Morris was legally bound by the specific at-will language in the contract, he had- no basis to rely on oral assurances from Farmers’ employees that continuing to work for his father’s insurance agency would not be a cause for separation from employment with Farmers.
“[T]he trial court can enter a judgment as a matter of law in a fraud case where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless .made a deliberate decision to ignore written contract terms.”
Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala.1997).

. "Farmers” has the samé collective meaning here as it does in the main opinion.